**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SANDRA LOUISA REES,

Plaintiff,

v. CIV No. 15-519 JCH/GBW

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency (SSA) decision to deny Plaintiff disability insurance benefits and supplemental security income. *Doc. 19*. For the reasons discussed below, I recommend finding that the ALJ erred by failing to explain the weight assigned to the opinion of the state medical consultant and how the consultant's findings were taken into account in finding that Plaintiff is not disabled. Therefore, I recommend that the Court grant Plaintiff's motion and remand this action to the Commissioner.

## I. PROCEDURAL HISTORY

Plaintiff filed an initial application for disability insurance benefits (DIB) on January 21, 2011, and an initial application for supplemental security income (SSI) on April 13, 2011. Administrative Record ("AR") at 73-74. Plaintiff alleged that she had a disability resulting from bipolar disorder, depression, post-traumatic stress disorder,

lower and upper back injuries, a knee injury, joint pain, headaches, and irritable bowel syndrome. AR at 207. Plaintiff's claims were denied initially on August 26, 2011, and also denied upon reconsideration on May 30, 2012. AR at 99-102, 110-116. An Administrative Law Judge (ALJ) held a hearing on July 2, 2013. AR at 34-71.

The ALJ issued an unfavorable decision on February 14, 2014, concluding that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. AR at 10-26. Plaintiff again appealed the denial of her application to the Appeals Council, which declined review on April 17, 2015. AR at 1-3. Plaintiff timely filed suit in this Court on June 18, 2015, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs*., 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal citation omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the

evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

## III. PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by failing to properly evaluate: (1) the opinion evidence of Dr. Mark Beale, the state agency examining physician; (2) the opinion evidence of Dr. Alvin Smith; (3) the opinion evidence of treating counselor Penni Sears; and (4) Plaintiff's credibility. *See generally doc. 19*. Defendant argues that the ALJ: (1) reasonably evaluated the opinion evidence of Dr. Beale, Dr. Alvin, and Ms. Sears; and (2) reasonably evaluated Plaintiff's credibility. *See doc. 23* at 7-16. Ultimately, I recommend granting Plaintiff's Motion to Remand due to the ALJ's failure to properly weigh the opinion evidence of Dr. Beale, and I do not reach the other issues.

## IV. ALJ EVALUATION

### A. Legal Standard

For purposes of Social Security benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520.[1] If the Commissioner finds an individual disabled or not disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) she is not engaged in "substantial gainful activity;"[2] (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments that is severe" that has lasted or is expected to last for at least one year; and that either (3) her impairment or impairments meet or equal one of the "listings" of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's RFC in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. §

[1] Plaintiff has applied for both SSDI and SSI benefits. The five-step test for determining disability is the same for both types of benefits, although the test is codified in two separate sections of the Code of Federal Regulations. 20 C.F.R § 404.1520 governs SSDI; § 416.920 governs SSI.

[2] "Substantial gainful activity" is work that is both substantial and gainful. 20 C.F.R. § 404.1572. "Substantial work activity" is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not the claimant has earned any such pay or profit. 20 C.F.R. § 404.1572(b).

404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, she proceeds to step five of the evaluation process. 20 C.F.R. § 404.1520(a)(4)(v). At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work which exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**B. The ALJ's Decision**

On February 14, 2014, the ALJ issued a decision denying Plaintiff's application for benefits. AR at 10-26. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 19, 2007. AR at 15. At step two, the ALJ determined that Plaintiff had the following severe impairments: tendonosis of the right shoulder; bipolar disorder; anxiety / post-traumatic stress disorder; depression; hypertension; obesity; irritable bowel syndrome;

chronic cervical sprain; and headaches. AR at 15-16. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR at 16-19.

At step four, the ALJ determined that Plaintiff had the RFC to "perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b)," with certain listed limitations. AR at 19-24. The ALJ also found that Plaintiff is unable to perform any of her past relevant work. AR at 24. However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including positions as a mail sorter and a merchandiser. AR at 24-25.

## V. ANALYSIS

Plaintiff claims that the ALJ failed to properly evaluate the opinion evidence of Dr. Mark Beale, the SSA's examining physician. *Doc. 19* at 11-14. In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so is reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). While an ALJ "need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotations omitted).

An ALJ is required to "consider all medical opinions in the record," and must also discuss the weight assigned to such opinions. *Quintero v. Colvin*, 567 F. App'x 616, 620 (10th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c), (e)(2)(ii), 416.927(c), (e)(2)(ii)). To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)-(6)); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012).

These rules apply not only to the opinion of a claimant's treating physician, but also to the findings of fact made by state agency medical consultants. *See* SSR 96-6P, 1996 WL 374180, at *2 (S.S.A. July 2, 1996) ("[T]he rules for considering medical and other opinions of treating sources and other sources in paragraphs (a) through (e) also apply when we consider the medical opinions of nonexamining sources, including State agency medical and psychological consultants and other program physicians and psychologists."). Under the regulations, "[u]nless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the

weight given to the opinions of a State agency medical or psychological consultant . . . ." 20 C.F.R. § 416.927(e)(2)(ii); § 404.1527(e)(2)(ii).

First, Defendant argues that the ALJ was not required to weigh Dr. Beale's opinion because Dr. Beale "did not assess any specific work-related functional limitations in conducting his examination . . . ." *Doc. 23* at 8 (citing *Duncan v. Colvin*, 608 F. App'x 566, 574 (10th Cir. 2015) (unpublished) for the proposition that an ALJ need not weigh a medical source statement that does not include any opinions regarding a claimant's work-related functional limitations). However, the Program Operations Manual System (POMS)[3] states that the "functional areas deemed essential to work are: (1) Activities of daily living (ADL's), (2) social functioning, (3) concentration, persistence, or pace, and (4) the ability to tolerate increased mental demands associated with competitive work." POMS DI 22511.005(B). Therefore, Dr. Beale's opinion regarding Plaintiff's moderate limitations as to concentration, persistence, and pace did assess work-related functional limitations, and the ALJ was required to address it. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("[A] moderate impairment is not the same as no impairment at all.").

The ALJ noted at step three that "[t]he State medical consultant found that the claimant's mental impairments could cause moderate difficulty with sustained

[3] The POMS is "a set of policies issued by the [SSA] to be used in processing claims." *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999). The Court generally defers to the POMS provisions unless it determines they are "arbitrary, capricious, or contrary to law." *Id.*; *see also Carver v. Colvin*, 600 F. App'x 616, 618 n.1 (10th Cir. 2015).

concentration, persistence, or pace." AR at 18. The ALJ then stated that she "agreed . . . that [Plaintiff] has moderate limitations in concentration, persistence, and pace." AR at 18. At step four, the ALJ discussed the opinion of Dr. Beale in her determination of Plaintiff's RFC:

> On July 19, 2011, the claimant saw Dr. Mark Beale, MD, for a mental status examination. During the examination, the claimant was found to be in a depressed mood, lethargic, and anxious. Her recent and remote memory was also found to be intact. However, the claimant reported that she could perform activities of daily living without difficulty, as she reported that she could cook, clean, and do laundry, which is inconsistent with her testimony. Dr. Beale gave the claimant a diagnosis of major depression. She was also given a Global Assessment of Functioning (GAF) score of 60-70, which indicates her symptoms were mild.

AR at 21.

From this discussion, the ALJ appears to have considered the opinion of Dr. Beale, yet she failed to mention any assignment of weight to his opinion. *See generally* AR at 21. However, the ALJ's failure to assign weight to Dr. Beale's opinion only constitutes error if the ALJ's determination of Plaintiff's RFC required her to reject or unfavorably weigh portions of that opinion. *See Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.") (citation omitted); *Maynard v. Astrue*, 276 F. App'x 726, 729 (10th Cir. 2007) ("[T]he mere fact that the ALJ did not assign weights to each of the consistent medical opinions was not error.").

Plaintiff argues that the ALJ's determination of her RFC is inconsistent with Dr. Beale's findings that Plaintiff's "mood and focus . . . interfere[] with her persistence and pace" and that Plaintiff's "concentration is defective but functional." AR at 598; *see doc. 19* at 13-14. In considering the opinion of Dr. Beale at step three, the ALJ purportedly "agreed with" the opinion and accordingly found that Plaintiff "has moderate limitations in concentration, persistence, and pace." AR at 18. However, Plaintiff's RFC merely states that Plaintiff has the ability to perform "light work," with the following limitations:

> "[S]he can occasionally climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds; she also can perform only occasional overhead lifting; [she] can understand[,] remember, and [carry out] simple instructions and tasks in a workplace environment that is primarily object focused[;] and she can tolerate only occasional interaction with the public."

AR at 19.

It is clear that the ALJ failed to explicitly include in Plaintiff's RFC a limitation regarding her impairments in concentration, persistence, and pace. AR at 19; *compare with Ray v. Colvin*, 657 F. App'x 733, 735 (10th Cir. 2016) (unpublished) (RFC stating that the claimant "is limited to simple, routine, repetitive tasks and can maintain attention, concentration, persistence, and pace for two hours at a time"). As the ALJ seemingly gave great weight to the opinion of Dr. Beale, the ALJ was required to either include Dr. Beale's finding of a moderate impairment in concentration, persistence, and pace in Plaintiff's RFC or otherwise explain why she rejected such finding. *See Haga*, 482 F.3d at

1208 ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) (unpublished) ("If the ALJ rejects any significantly probative medical evidence concerning [the claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

Of course, the failure by an ALJ to expressly include a limitation of concentration, persistence, and pace in a claimant's RFC does not necessarily constitute error. *See, e.g.*, *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015). In *Vigil*, the ALJ found at step three that the claimant had moderate difficulties in concentration, persistence, and pace. *Id.* At step four, the ALJ expressly took these difficulties into account in formulating the claimant's RFC by restricting him to unskilled work, but did not explicitly include a concentration, persistence, and pace limitation in his RFC. *Id.* In finding that the ALJ did not err, the Tenth Circuit Court of Appeals noted the ALJ's statement that "the findings of a normal ability to recall items on immediate recall, and an ability to spell words forward, as well as finding of normal thought processes, indicate[d] that [the claimant] retain[ed] enough memory and concentration to perform at least simple tasks." *Id.* at 1203-04. Consequently, the court held that "the ALJ accounted for Vigil's moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work." *Id*. at 1204. Nonetheless, the court

cautioned that there "may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations." *Id.*

An ALJ can limit a claimant to unskilled work by restricting him or her to jobs with an SVP of 1 or 2. SSR 00-4P, 2000 WL 1898704, at *3 (S.S.A. Dec. 4, 2000) ("unskilled work corresponds to an SVP of 1-2"); *see also Vigil*, 805 F.3d at 1204 ("[W]e conclude that limiting the [claimant] to an SVP of only one or two[] adequately took into account his moderate limitations in concentration, persistence, and pace."). An ALJ can also limit a claimant to unskilled work by finding that the claimant can (1) "understand, carry out, and remember simple instructions;" (2) "make judgments that are commensurate with the functions of unskilled work, i.e., simple work-related decisions;" (3) "respond appropriately to supervision, coworkers[,] and work situations;" and (4) "deal with changes in a routine work setting." SSR 85-15p, 1985 WL 56857, at *4 (S.S.A. Jan. 1, 1985); POMS DI 25020.010(B)(3).

Here, the ALJ did not specifically include in Plaintiff's RFC a limitation to unskilled work, nor did she limit Plaintiff to work with an SVP of 1 or 2. *See generally* AR at 19. The only limitation in Plaintiff's RFC which is pertinent to this issue is that "Plaintiff is limited to understanding, remembering, and carrying out simple instructions and tasks." AR at 19. While understanding, remembering, and carrying out simple instructions constitutes one of the four basic mental demands of unskilled work, the ALJ failed to include the other three mental demands in Plaintiff's RFC. *See*

*generally* AR at 19. Most importantly, the ALJ omitted from Plaintiff's RFC a limitation to "mak[ing] judgments that are commensurate with the functions of unskilled work," such as limiting Plaintiff to only "simple work-related decisions." POMS DI 25020.010(B)(3); *compare* AR at 19 *with Richards v. Colvin*, 640 F. App'x 786, 788 (10th Cir. 2016) (unpublished) (RFC limiting the claimant to making "only simple work related decisions"). As a result, Defendant cannot establish that the ALJ limited Plaintiff to unskilled work. Therefore, I conclude that the ALJ committed error by failing to either incorporate Dr. Beale's opinion that Plaintiff has moderate limitations in concentration, persistence, and pace into Plaintiff's RFC or to otherwise explain why she rejected that finding.[4]

I recognize that both jobs which, at step five, the ALJ determined Plaintiff could perform have an SVP of 1 or 2. *See* AR at 25; MAIL CLERK, Dictionary of Occupation Titles, 209.687-026 (SVP: 2); MARKER, Dictionary of Occupational Titles, 209.587-034

[4] Even if I were to find that the RFC implicitly limited Plaintiff to simple tasks, the rule in *Vigil* would still not apply because the ALJ failed to state whether this limitation was intended to address and incorporate Plaintiff's moderate limitation in concentration, persistence, and pace. *Compare* AR at 13-26 *with Vigil*, 805 F.3d at 1203-04; *see also Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (unpublished) (finding that "the relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the ALJ's additional, more specific findings" of "moderate difficulties maintaining concentration, persistence, or pace" where the ALJ omitted such findings without explanation); *Alcantar v. Colvin*, No. 15-CV-01448-REB, 2016 WL 4919982, at *4 (D. Colo. Sept. 14, 2016) (finding *Vigil* inapplicable where "in fashioning the [RFC] assessment, the ALJ . . . purported to adopt a medical source's opinion while simultaneously failing to explain why potentially significant limitations contained in that opinion were not adopted"); *Chambers v. Barnhart,* 2003 WL 22512073, at *3 n.2 (10th Cir. Nov. 6, 2003) (unpublished) (recognizing that "restricting a claimant to simple tasks can address a deficiency in concentration, persistence[,] and pace *if* that deficiency *was found to apply only to complex tasks*") (emphasis in original).

(SVP: 2). At first blush, this fact may lead one to conclude that the ALJ's error was harmless. This conclusion, though, would arise from a misunderstanding of the nature of the error. If the ALJ had limited Plaintiff to jobs of SVP 1 or 2, I could conclude that she (i) considered Dr. Beale's opinion about Plaintiff's impairment in concentration, persistence, and pace, and (ii) found that the impairment would not prevent Plaintiff from performing jobs of SVP 1 or 2. Having not limited Plaintiff to such jobs, I cannot conclude the ALJ even considered the impairment. As such, I am left to guess whether, if the ALJ had considered the impairment, she would have found that it removed even SVP 1 or 2 jobs from Plaintiff's prospects. Therefore, I cannot say with confidence that the error was harmless.

## VI. CONCLUSION

For the foregoing reasons, I conclude that the ALJ erred by excluding from her RFC determination Dr. Beale's finding of moderate limitations as to concentration, persistence, and pace without explanation, and that the error is not harmless. Therefore, I recommend that Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 19*) be GRANTED and the action be REMANDED to the Commissioner for further proceedings.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**